Charles T. Major, J.
The above claims were tried together pursuant to stipulation.
These claims result from an accident which occurred on February 23,1956, at about 9:10 a.m., on Route 11, at the New York Central Railroad crossing located near the southerly edge of the village of Central Square, Oswego County, New York. Claimant was driving his 1953 Chevrolet, four-door automobile, southerly toward Syracuse en route to Alexandria, Virginia, when he observed a locomotive coming from his left, traveling *696 westerly, and about to cross in front of him. When he applied the brakes, his automobile skidded sideways and the right side of his car collided with the locomotive and was dragged a short distance. As a result, the claimant, George E. Lamica, was seriously injured and his car badly damaged. The steps leading to the cab of the locomotive were bent and damaged.
Just prior to the accident, it was cold, the sky was overcast, and from Watertown south there had been occasional flurries of fine powdery snow.
Route 11 is a heavily travelled State highway, with reinforced concrete pavement, 40 feet wide. It has a pitch of 3/16" to the foot, from the center to each side. The road is substantially straight and level to the northerly line of the railroad crossing. At a point approximately 690 feet north of the north rail, a motorist traveling south encounters a slight curve or bend in the road to his left for about 200 feet, then a straight road for 481 feet to the north rail. In this same distance, the road ascends slightly on a grade of .84% for 530 feet, then enters a verticular curve and descends a 1.7% grade for 160 feet to the railroad. There is a curb on each side of the highway, starting about 25 feet north of the north rail.
At the crossing there were two semaphores with twin alternating flashers on both sides of the highway. The lighting surface of each flasher was 7% inches in diameter, and was visible to both north and south traffic. On the occasion of this accident, the flashers commenced operating when the train hit the circuit about 1500 feet from the crossing and continued until the train reached the crossing. During this period, the locomotive whistle sounded two long and a short, and. a long blast. The crossing flashers could have been seen at least 500 feet before reaching the crossing by a driver operating his automobile in a prudent and careful manner as required by law.
Claimant first became aware of the oncoming train when he saw the locomotive 150 feet away. At the trial, he maintained that the snowbanks thrown upon the side of the highway on his right were so high that the semiphore flashers were not visible, and the flashers on his left side were cut off by a pole. The evidence does not substantiate his contention. He also claims that the road was icy. It was winter and there was some ice and frozen or packed snow along the highway. This condition was not confined to the area of the accident, it was general throughout the community, and claimant is charged with knowledge of the winter conditions present at the time, of which he was or should have been aware in his travels that morning. The State had a contract with the County of Oswego for plowing *697 and sanding, and the area of Route 11 involved in this accident had been 100% sanded just prior to the accident.
There were no defects in this highway or in its drainage system. There was no negligence shown chargeable to the State which was a proximate cause of, or contributed to, this accident. The claimants have failed in their burden of proof.
The claims of George E. Lamica and The .¿Etna Casualty and Surety Company are both dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.